IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALEXANDER DRAIN,** | : | |
| *Petitioner* | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | **No. 13-2359** |
| **BRIAN COLEMAN, et al.,** | : | |
| *Respondents* | : | |

## MEMORANDUM

PRATTER, J.                                                             SEPTEMBER $\mathcal{Q}$ , 2020

Alexander Drain, invoking Federal Rule of Civil Procedure 60, moves for post-judgment relief after the Court dismissed his petition for writ of habeas corpus in 2015. For the following reasons, the Court denies Mr. Drain's request.

### BACKGROUND

In 2004, a state court jury found Mr. Drain guilty of several counts of rape, burglary, and related charges. As a result, he was sentenced to serve an aggregate term of 40 to 80 years of incarceration. After seeking state judicial collateral review, Mr. Drain filed a federal habeas petition.

This Court previously adopted the report and recommendation of Magistrate Judge Thomas J. Rueter, who recommended the dismissal of Mr. Drain's petition. Order of May 13, 2015 (Doc. No. 40). In doing so, the Court also found there to be no probable cause to issue a certificate of appealability.

After he unsuccessfully applied for a certificate of appealability from the Court of Appeals for the Third Circuit, *see* Order of February 25, 2016, Civil Action No. 15-2418 (3d Cir. 2016), the appellate court also denied Mr. Drain's petition for rehearing en banc. Order of April 12, 2016, Civil Action No. 15-2418 (3d Cir. 2016). On October 31, 2016, the United States Supreme Court denied Mr. Drain's petition for writ of certiorari.

1

## DISCUSSION

Mr. Drain invokes Federal Rules of Civil Procedure 60(b)(6) and 60(d)(1) and 60(d)(3) in seeking to reopen his habeas proceedings. Among his allegations, he claims a purported fraud was committed before the magistrate court, "where the Assistant District Attorney in response to petitioner's . . . habeas claim, further bolstered false evidence presented during petitioner's [s]tate trial, to be true evidence, when it is clearly false." Motion, p. I. Mr. Drain also contends that the magistrate judge mistakenly held one of his claims was procedurally defaulted. Mr. Drain argues his circumstances present extraordinary ones,[1] and argues that his Rule 60 motion is not disguised as a successive habeas petition. He states, rather, there was a "defect in the integrity of the [underlying] federal habeas proceedings, and he only challenges this Court's prior ruling." Mot., p. III, V.

Because the legal standards with respect to the invocation of Rule 60(b) and Rule 60(d) differ, the Court addresses Mr. Drain's arguments with respect to each rule.

## I.     Federal Rule of Civil Procedure 60(b)(6)

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528–29 (2005). Rule 60(b)(6) "permits reopening when the movant shows 'any ... reason justifying relief from the operation of the judgment' other

---

[1]     Petitioner specifically contends "it would be a grave miscarriage of justice to allow the prior judgment of the habeas [c]ourt to stand, where petitioner's underlying habeas claims prove[]: (i) the [a]ssistant [d]istrict [a]ttorney during the habeas proceedings, knowingly bolstered that, false evidence presented during petitioner's [s]tate trial, was the truth of the matter asserted in his response to petitioner's claim[;] (ii) [t]he [a]ssistant [d]istrict [a]ttorney during petitioner's [s]tate trial, knowingly falsified evidence in his closing arguments to the jury[;] (iii) [t]he trial judge allowed the false evidence to be used by the jury, where the judge told the jury that, the prosecutor was making an argument based upon the evidence, when that was not true[;] (iv) [t]here is [after-discovered-evidence] which proves that, the lead [d]etective in [p]etitioner's case, knowingly testified falsely in order to support a false timeline, in which it was argued that, petitioner waived his [c]onstitutional rights before the interrogation began." Mot., pp. I-II.

than the more specific circumstances set out in Rules 60(b)(1)-(5).'" *Id.* (citations omitted). *See* Fed. R. Civ. P. 60(b)(6) (providing "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for ... (6) any other reason that justifies relief.") Courts generally agree that Rule 60(b)(6) requires a showing of "extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535. The Supreme Court observed that "[s]uch circumstances will rarely occur in the habeas context." *Id.* Relief pursuant to Rule 60(b)(6) is not warranted where legal error is alleged. *Davis v. Kyler*, No. 08-1757, 2008 WL 2579720, at \*3 (E.D. Pa. June 27, 2008).

This Court has previously found that where a petitioner repeats arguments that were made and rejected, such circumstances cannot rise to the level of "extraordinary" for purposes of Rule 60(b). *See Davis*, *supra*, 2008 WL 2579720, at \*3 ("No extraordinary circumstances are presented here that would warrant the Court revisiting its prior decision that [Petitioner's] habeas petition was time-barred. Without presenting any compelling arguments, [he] merely asks the Court to reconsider its previous ruling (and, in effect, the court of appeals' previous ruling denying [Petitioner's] request for a certificate of appealability), which the Court will decline to do. [Petitioner's] claims here are identical to the arguments he pursued in his objections to [the magistrate judge's] Report and Recommendations and do not raise any new grounds for relief. The Court discussed, and overruled, those objections in its April 19, 2007 ruling.")

Here, the circumstances are similar. Mr. Drain previously raised all of the arguments he pursues now, which were discussed in detail by the magistrate judge when rejecting Mr. Drain's contentions. This Court adopted Magistrate Judge Rueter's report and recommendations in full.[2]

---

[2]     Even Mr. Drain concedes as much. *See* Mot., p. III ("[T]he claims herein, focus on the same general assertions made by petitioner in his habeas corpus petition in the District Court, and on appeal from that judgment[.]")

This Circuit's court of appeals then rejected Mr. Drain's request for certificate of appealability, and the Supreme Court effectively did the same. Mr. Drain also fails to adequately address the many years that have elapsed since the closing of this case and why he seeks relief only now. Consequently, the Court does not find that any extraordinary circumstances present themselves, and Mr. Drain's reliance on Rule 60(b)(6) fails.

## II.    Federal Rule of Civil Procedure Rule 60(d)(1) and 60(d)(3)

As to his request for relief pursuant to Rule 60(d), Mr. Drain cites Rule 60(d)(1) and Rule 60(d)(3). Federal Rule of Civil Procedure Rule 60(d) states:

> **(d) Other Powers to Grant Relief.** This rule does not limit a court's power to:
>
>> **(1)** entertain an independent action to relieve a party from a judgment, order, or proceeding;
>>
>> **(2)** grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
>>
>> **(3)** set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d).

An independent action pursuant to Rule 60(d)(1) "is available to relieve a party from a judgment, but 'only to prevent a grave miscarriage of justice.'" *Florimonte v. Borough of Dalton*, 735 F. App'x 53, 54 (3d Cir. 2018), *cert. denied sub nom. Florimonte v. Borough of Dalton, Pa.*, 139 S. Ct. 2017 (2019) (citation omitted). To succeed in vacating a judgment pursuant to Rule 60(d)(3), the fraud must be proven by clear and convincing evidence and conclusory averments will not suffice. *Florimonte, supra*, 735 F. App'x at 54. The Third Circuit Court of Appeals "employ[s] a demanding standard for independent actions alleging fraud upon the court requiring:

4

(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and

(4) that in fact deceives the court." *Herring v. United States*, 424 F.3d 384, 390 (3d Cir. 2005).[3]

For the same reasons the Court denies the motion insofar as it rests on Rule 60(b), the Court

also denies the request for relief by way of an independent action in equity under Rule 60(d).

Again, the issues Mr. Drain raises have already been litigated, and Mr. Drain has not proffered any

facts to suggest that a grave miscarriage of justice has occurred.

Moreover, Mr. Drain's arguments do not constitute fraud-on-the-court, and he certainly

has not shown such fraud by clear and convincing evidence. For example, no allegations support

a showing that any court was in fact deceived.  The purported perjury, fraud, or falsification of

evidence Mr. Drain complains of, for instance, including attacks on the credibility of the key

detective's testimony which supported the prosecution's case in the underlying state trial, can be

more fairly characterized as challenges to the hazards of the operation of the adversary system, not

any actual fraud.  Indeed, Mr. Drain raises arguments that in part go to the weight of the evidence

and, furthermore, to the trial judge's limiting jury instruction.

The allegations made do not rise to the level of the kind of egregious misconduct that would

warrant extraordinarily rare relief and upend the finality of the decisions made and at issue here.

Again, all of his contentions were made and rejected previously, and by the magistrate judge, by

this Court, and effectively, the federal appellate courts. Thus, the Court finds Mr. Drain is not

entitled to relief.[4]

---

[3]    *See also Burton v. Horn*, No. 09-02435, 2018 WL 5264336, at *7 (E.D. Pa. Oct. 22, 2018) ("[u]nlike the fraud provision in Rule 60(b)(3), Rule 60(d)(3) does not have a time limitation." )

[4]    The Court also notes that in evaluating a Rule 60 motion, the Court must determine whether and to what extent the AEDPA's limits on successive habeas petitions apply. *See Gonzalez*, 545 U.S. at. 529-30. A Rule 60(b) or Rule 60(d) motion may be treated as a habeas petition, for example, if the motion "attacks the federal court's previous resolution of a claim *on the merits,* since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* at 532. Such a use of a Rule 60 motion

## CONCLUSION

For the aforementioned reasons, the Court denies Mr. Drain's motion. An appropriate

order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

would "impermissibly circumvent" the AEDPA's limits on successive habeas petitions. *Id.* at 531; *see, e.g.*, *U.S. v. Franklin*, No. 99-238, 2008 WL 4792168, at *3 (E.D. Pa. Oct. 31, 2008) ("Mr. Franklin seeks to collaterally attack his underlying conviction and relitigate issues this court has already considered and rejected in dismissing his habeas petition.")

Mr. Drain's arguments may be interpreted as attacks on the merits of whether he is entitled to habeas relief. *See, e.g.*, Mot. for Relief, p. II (arguing there are extraordinary circumstances where, for example, the respondents during the underlying habeas proceedings perpetuated false evidence presented during the state trial, the prosecutor in the state trial knowingly falsified evidence in closing remarks to the jury, and the trial judge allowed such falsification). To the extent that his arguments reassert challenges to the merits of his underlying conviction, those arguments must additionally be dismissed to the extent that they would be considered part of a successive habeas petition.

Finally, for the reasons set forth in this Memorandum, there is no probable cause to issue a certificate of appealability. The Court will not issue a certificate of appealability because Mr. Drain has not made a "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), nor has he "demonstrate[d] that reasonable jurists would find the [Court's] assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004).